[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner William LaPlant is currently serving a nine-year sentence of incarceration and has filed a petition for a writ of habeas corpus. He alleges ineffective assistance of counsel and that his admission that he violated his probation was not knowing, intelligent and/or voluntary. The petitioner was sentenced on August 22, 1991 after he had admitted violating the terms of his probation in three files.
The petitioner had been placed on probation on October 12, 1990. At that time, the petitioner faced criminal and motor vehicle charges in eighteen different files. He pleaded guilty to charges in all eighteen files and was given unconditional discharges in fifteen files. On the remaining three files, which included charges of assault second degree with a motor vehicle and burglary third degree, the petitioner was sentenced to three years consecutive, suspended in each file, a total sentence of nine years, execution suspended, and five years of probation. Among the conditions of probation were completion of a substance abuse treatment program and regular attendance at Alcoholics Anonymous.
CT Page 10417 Less than a year later, in June 1991, the petitioner was charged with violating his probation by not successfully completing a substance abuse treatment program and by failing to attend AA meetings. A special public defender, Patricia Thompson, was appointed to represent the petitioner. After plea negotiations with the prosecutors, the petitioner entered admissions to the alleged violations of probation on August 14, 1991. The agreement with the state was that if the petitioner would admit the violations of probation, the state would make no recommendation to the court with respect to sentencing. Sentencing was scheduled for August 22, 1991 and the state made no sentencing recommendation. Thompson argued for reinstatement of the petitioner's probation. The court, however, imposed the full nine-year sentence.
The petitioner's first claim is that his attorney misinformed him or misrepresented to him the sentence which he would receive if he admitted the violations of probation. He contends that this constituted ineffective assistance of counsel and also a due process violation in that his admission was not entered knowingly, intelligently and voluntarily. The petitioner testified at trial that on August 14, before he entered his admissions, Thompson told him that if he admitted the violations that day he would be sentenced to a maximum of five years and a minimum of three years. That was agreeable to him. He testified that if he thought he was exposed to a nine-year sentence, he would not have admitted the violations of probation. The petitioner also presented his mother as a witness. Mrs. LaPlant testified that she heard Thompson say that she thought the petitioner would be given three to five years.
Thompson also testified. She stated that the petitioner admitted to her that he had violated his probation. She spoke with his probation officer and his substance abuse counselor, and found that both would present very damaging testimony against the petitioner. Because of their potential testimony, because the violations occurred in the petitioner's first year of probation and because the petitioner's case had attracted negative publicity in the first instance when he was given probation despite having entered guilty pleas in eighteen files, she told the petitioner that if he went through with a hearing the state would meet its burden of proof and he would likely be given a nine-year sentence. She told him that she thought his only chance of avoiding a nine-year sentence was to admit the violations and have the state make no sentencing recommendation. CT Page 10418 She explained to him that once he admitted the violations, the judge could reinstate his probation or sentence him to nine years or impose a sentence of less than nine years. She told the petitioner that she hoped he would be sentenced to less than nine years because he had satisfied some of the requirements of his probation. Thompson testified that she never told the petitioner that he would be sentenced to a minimum of three years or a maximum of five years. She did discuss with him possible sentences of six to eight or five to seven years. Thompson denied that the petitioner's mother was present for this discussion. She stated that it is her policy to exclude family and friends when discussing a plea because the presence of such people would constitute a waiver of the attorney-client privilege.
The court finds Thompson's testimony credible and consistent, unlike the petitioner's. Although the petitioner testified at the hearing before the court that Thompson represented to him that he would get a sentence of three to five years, he has at various times made different statements as to what Thompson said. In his original petition for writ of habeas corpus filed pro se, the petitioner stated that Thompson told him he would "get about 4 or 5 years." After counsel was appointed for the petitioner, an amended petition was filed. The amended petition alleges that the petitioner understood from his attorney's representations that he would receive a five year sentence. The petitioner's trial brief, filed prior to any testimony being taken on his petition, asserts that the petitioner believed he would get a five year sentence because he had been given five years of probation. This allegation was not supported by any of the testimony taken later.
The petitioner's testimony that he would not have admitted the probation violations if he had known that he could receive a nine-year sentence is further belied by the transcript of the court's canvass of the petitioner at the time he entered his admissions. It is clear from the canvass that the petitioner knew he was exposed to a possible nine-year sentence.
 THE COURT: And you had no recommendations — A plea arrangement hasn't been worked out? You are basically coming to the Court for it to decide what to do with you, now that you are admitting violation of probation. CT Page 10419 The Court does have some options. It can revoke the sentence imposed, and the Court can impose the entire sentence. That is, I could sentence you to prison for nine years, or continue your probation, or it could impose a lesser sentence than nine years. If it chose to do so, it could terminate the probation, modify, or enlarge the conditions of probation, and could extend your probation up to the maximum period, underlying offense maximum period is five years. That is what you got on probation. Do you understand what the Court can do here? Basically, you are facing the maximum of nine years, or something less than that. Do you understand that?
DEFENDANT: YES.
 THE COURT: or a continuation of probation, or modification of the terms. No one has promised you what you are going to get by admitting to this?
DEFENDANT: No, sir.
The petitioner has failed to sustain his burden of proof that his admission of violations of probation was not knowing, intelligent and voluntary and that it was based on misrepresentations of his counsel.
The petitioner's remaining claim is that he had ineffective assistance of counsel at his sentencing hearing. He alleges that Thompson failed to present relevant, mitigating evidence and failed to allow witnesses to do so, and that she failed to argue favorable evidence on his behalf. There is no merit to this claim.
In Strickland v. Washington, 466 U.S. 688, 687104 S.Ct. 2052, 80 L.Ed.2d 864 (1984), the United States Supreme Court stated that proving that counsel's performance was deficient required a showing that counsel's errors were so serious that he or she was not functioning as counsel. That standard was not met CT Page 10420 by the evidence here.
After the petitioner entered his admission of violations of probation, Thompson asked the court for a one week continuance for sentencing so that she could procure letters or attendance by people who wished to be heard. The continuance was granted Prior to the sentencing, Thompson prepared and filed a six-page sentencing memorandum which described the petitioner's version of the facts surrounding his violations of probation and described the conditions of probation with which the petitioner had complied. The memorandum requested reinstatement of probation with new conditions of probation and explained the reasons for that request.
At the sentencing hearing Thompson presented two letters. One confirmed that the petitioner was complying with the probation requirement for community service. The second letter demonstrated the petitioner's effort to find a suitable in-patient substance abuse treatment program. After presenting the letters, Thompson then argued for reinstatement of probation. When the court asked the petitioner if he wished to say anything, he declined. The court then imposed the nine-year sentence.
The petitioner's claim of ineffective counsel at sentencing rests on Thompson's alleged failure to have the petitioner's mother and girlfriend speak on his behalf. The petitioner's girlfriend did not testify at the hearing on his petition so there is no evidence before the court as to what mitigating evidence she might have been able to present. Mrs. LaPlant was prepared to tell the court that she encouraged her son to tell his probation officer in the spring of 1991 that he had started drinking again and needed help, and that the petitioner followed her advice. Although Mrs. LaPlant did not speak at the petitioner's sentencing, the substance of what she had to say was included in the sentencing memorandum on page 2, Thompson testified, and the court accepts her testimony as credible, that she expected both Mrs. LaPlant and the petitioner's girlfriend to speak at the sentencing, but that they failed to come forward when she beckoned them. The petitioner has failed to sustain his burden of proof with respect to this claim also.
The petition is denied.
Vertefeuille, J. CT Page 10421